Martin, J.
delivered the opinion of the Court. The defendant purchased from the plaintiffs’ insolvent bills of exchange to the amount of S3000, at par, payable down ; but, paying one third in 1 J J was accommodated with some delay for the remaining thirds, giving his two notes and mciud-ing in the account of the last, twenty-four dollars for interest. The bills were drawn payable to his correspondent in the Northern, were protested for non-acceptance and non-payment, and returned to the defendant, endorsed by the original payee, to his,order, value in accQunt. Due notice was given of the dishonor oí tiie bill, but after the bankruptcy of the insolvent.
*600 East. District.
May 1815.
The insolvent received payment of one of the notes, but the ojher was in his hands, untransferr-ed and came to the possession of the plaintiffs, on their appointment as provisional syndics. The defendant, after notice of the dishonor of the bills, applied to the plaintiffs to have the remaining note returned, on the ground of the consideration for which it had been given having failed; and on their refusal instituted a suit therefor : this suit miscarried, it being holden that provisional syndics were not suable.
Th e plaintiffs brought then the present suit', and the defendant resisted the payment, on the ground, on which he had demanded the return of his note. At the trial, he offered a witness to prove that he was interested in the purchase of the bills, but the Court would not permit him to be sworn, on the ground that no paroi evidence could be received oi that fact. Judgment was had against him and he appealed.
The statement of facts shews that the defendant was placed on the insolvent’s bilan, for the full amount of the bills and did receive two dividends thereon the first in June 1812, of 24 per cent, tfie other in April 1814, of 10 per cent, ratifying and confirming these two dividends.
The defendant resists the plaintiffs’ claim on the ground that the consideration, for which the note was given, has failed. It is clear that the notp *601 being still in the hands of the original payee, or what is the same in those.of his syndics, the consideration, for which it was given, may be enquir-ed into, and if there appears to have been no consideration at all, an illegal one, or one which has failed, the defendant must be holden discharged from the payment of the note : And it is not denied that the note was given for the purchase of bills, which have since been dishonored, are still unpaid, and are now in the hands of the defendant. But the plaintiffs’ counsel contends that, between the parties, the consideration has not failed.
The circumstance of the bills not being drawn payable to the defendant, is presented to the Court as conclusive, or at least prima facie, evidence, that the defendant did not purchase the bills as, principal or for his own account, but as the agent or factor of the persons he caused to be nam. ed therein as payees—that, having funds of these persons to purchase the bills, and having occasion for part of these funds for his own affairs, he prevailed onAhe plaintiffs’ insolvent to he satisfied with the third of the amount of the bills and to take the defendants’ notes for the balance; virtually borrowing from the insolvent, two thousand dollars, the two thirds of the amount of the bills : thereby effecting by two payments brevi maná, or rather by no actual payment all* the purchase of the bills and the .loan. That thg defendant hais *602 the complete benefit of that loan, the bills having enabled him to dissolve his obligation to the payees, without any liability, on any event on, his part, and if the plaintiffs are cast in this suit, wm make a clear profit of one thousand dollars. While, if the plaintiffs recover, he will sustain no loss in discharging the judgment of the Court.
Placing the case on this footing, the Court is of opinion that the Judge below erred in rejecting the witness offered by the defendant. The bills are expressed for value received⅜ but from nothing that appears on the face of them, while the payment was thus admitted, could it be ascertained by whose hands the money was paid. This, therefore, < was to be made out by testimony dehors the bills, in the same manner as if one of the real parties to the bill was described under the words & Co. parol evidence should be admitted to shew* who was the anonymous partner.
The Court is of opinion that the circumstance alluded to by the plaintiffs’ counsel is neither conclusive, nor prima facie, evidence that the defendant was not a principal, but a mere factor or agent in the purchase of the bills.
Circumstances which are conclusive or pri-ma facie evidence of a fact are only those whick exclusively attend it. Now, the circumstance under ■consideration,'is one which it is believed very often *603 attends purchases of bills, on the purchaser’s own account.
If I wish to remit 1000 dollars to my correspondent in Philadelphia, either to be employed on my own account, or to discharge a debt I owe him, and which I have no direction to remit in any particular manner, prudence will suggest the precaution, if I purchase a bill, to have it drawn payable to this correspondent and not to me. For I thus limit the possibility of a loss on my part to 1000 dollars, or whatever I may pay for the bill. While if it be drawn in my name, I will alike be liable to this risk, and in case my correspondent puts the bill afloat, I will in the event of his dishonor be again liable to pay the full amount with damages, and eventually interest, if I he unprepared to take the bill up, on its being presented. While it is considered that of all mercantile transactions, those relating to bills of exchange are those which require the most attention and pre-«aution, the circumstance of having caused a bill to, be drawn in the name of the person, in whose hands the money is finally intended to be placed, cannot be viewed as an evidence that the person remitting does not remit as principal, but acts as an agent or factor. It is not intended to deny that coupled with others, this circumstance might add to their weight and perhaps, at last, cause tip *604 scale to preponderate : but alone it is the weak presumption, which moveth not at all.
On this ground, denying any weight to this circumstance, the plea of the defendant has its full force and must prevail.
It is perhaps proper, incidentally to observe, though it is unnecessary to the determination of this, cause, that even if it were admitted that the trans-⅝ action is really, as the plaintiffs state it to have-been, still it is far from being clear, that they ought to recover.
The defendant, by the endorsement of the bills to him by the payees, has been subrogated to their-right. Now, if the payees, being still the holders of the bills, had interfered and become parties-to this suit, and demanded, on the case shewn by the plaintiffs, or instituted a suit, (making the present plaintiffs and defendants parties thereto) and prayed, that the plaintiffs should surrender the note to them and the defendant be decreed to pay the amount, or allow credit therefore, considering the transaction between ‘the-insolvent and these parties, in its true light, the purchase of bills for their account and the money due on the note as the consideration therefore, perhaps the claim could not have been resisted on the fictitious character given to the transaction, or supposition of a payment by one party and of his immediately re *605 ceiving the money on a pretended' loan. In such a case, there would perhaps be much force in the argument that. these payments, said to be brevi f J iri'tnú, are fictions, which cannot be allowed to destroy the party’s real right, on the actual transaction.
The defendant is further said to be precluded from relief on his mote, because he has set up a claim, been placed on the bilan and received, dividends, as a creditor of the insolvent for the total amount of the bills ; while he cannot be considered as entitled to relief, unless his claim as a creditor be reduced and extinguished quoad the amount of the note.
This renunciation is at most an implied one, which cannot stand with the express? and forcible assertion of his insisting on its full rights, whatever they may be, first by his- demand of the surrender of the note, his suit against the provisional syndics, which though informal and incorrect is nevertheless evidence, since it conveys notice, of the claim, and finally his plea in the present suit, equivalent to an actual suit, which he may be supposed of having failed to institute, on no other ground than of his having been anticipated by the plaintiffs. No fraud can be attributed to him, for in asserting his claim on the bills, he did not con-■cgal that on the note, the admission of which must, *606 have dissolved pro tanto his claim on the bills. While the parties could not agree on the adjustment of their rights, it was fair in either to pursue Ins own to the utmost, i here was then no fraud and the express assertion must destroy the implied renunciation: expressum facit cessare taciturn.
T u r, payment received by the defendant, however, diminishes his claim to relief pro tanto.
The judgment of the Parish Court must be reversed, and the same judgment must be entered as that of this Court, to be discharged by the can-celling and depositing into the office of the clerk of the Court below, for the use of the plaintiffs, within ten davs, one of the bills amounting to one thousand dollars and the amount of the two dividends received by the defendant thereon, with in-' terest on each dividend from the receipt of it; but the defendant having resisted the plaintiffs’ claim, without tendering, or offering to allow the dividend now decreed to be refunded; must pay costs.